## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANA D. ALBRITTON,**

> **Plaintiff,**

**v.**                                  **CASE NO:**

**ANDERSEN TAX LLC,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANA D. ALBRITTON, (hereinafter "Plaintiff" or "Ms. Albritton"), a Florida resident, by and through the undersigned counsel hereby sues Defendant, ANDERSEN TAX LLC, (hereinafter "Defendant" or "Andersen Tax") and alleges:

## INTRODUCTION

1.     Plaintiff brings this action against Defendant, seeking to recover damages for unlawful retaliation and discrimination in violation of the Florida Private Whistleblower's Act, Section 448.102(1), Florida Statutes ("FPWA"); the Americans with Disabilities Act of 1990, as amended ("ADA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully retaliated against her for engaging in protected whistleblower activity, including reporting unethical and potentially unlawful conduct involving the alteration of client invoice dates. Plaintiff further alleges that Defendant discriminated against her based on her disability, failed to provide reasonable accommodations, and retaliated against her for engaging in protected activity, all in violation of the above-referenced laws.

3.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. Plaintiff has also suffered and continues to suffer damage to her professional and personal reputation, as well as emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred and continues to incur attorney's fees and costs in bringing this action.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a)

and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8. Plaintiff, Dana D. Albritton, is a resident of Hillsborough County, Florida, and a former employee of Defendant, ANDERSEN TAX LLC. Plaintiff worked as a Member of Reilly, Fisher and Solomon, PA and was Executive Assistant to Arlin Beachy and Tom Loncar while assisting when needed with the other Managing Directors at Defendant's Tampa, Florida location. On July 1, 2024, Reilly, Fisher and Solomon, PA integrated

with Andersen Tax.

9.      Plaintiff is a 44-year-old female who has been diagnosed with depression, anxiety and PTSD resulting from domestic violence trauma. Plaintiff is a survivor of severe trauma, including domestic violence, sexual assault, and life-threatening physical abuse, which substantially limits one or more major life activities.

10.     At all times material herein, Plaintiff is an "employee" and/or "eligible employee" within the meaning of applicable federal, state, and local laws, including but not limited to the ADA, and the Florida Private Whistleblower's Act ("FPWA").

11.     Plaintiff is a member of protected classes and is entitled to protection against discrimination and retaliation under the ADA, and the FPWA.

12.     Defendant, ANDERSEN TAX LLC, is a Limited Liability Company with its principal place of business located at 4950 W. Kennedy Blvd, Suite 610, Tampa, Florida 33609.

13.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida.

14.     At all times material herein, Defendant employed more than the

statutory minimum number of employees required for coverage under applicable federal, state, and local laws, including but not limited to the ADA, and the FPWA, and therefore qualifies as an "employer" under those statutes.

15.    At all times material herein, Defendant employed more than the statutory minimum number of employees required for coverage under applicable federal, state, and local laws, including but not limited to the ADA, and the FPWA, and therefore qualifies as an "employer" under those statutes.

16.    At all times material herein, Defendant was Plaintiff's employer within the meaning of the ADA, and the FPWA.

## ADMINISTRATIVE PREREQUISITES

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On December 22, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the City of Tampa Human Rights against Defendant alleging, among other things, disability discrimination and retaliation.

18.   On January 28, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 15J-2026-00004) against Defendant.

19.   All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

20.   In December 2022, Plaintiff was hired by Reilly Fisher Solomon, PA ("RFS") as an Executive Assistant. During her employment with RFS, Plaintiff was a high-performing employee who received salary increases and redesigned logo and website due to 15+ years of experience.

21.   On July 1, 2024, Defendant ANDERSEN TAX LLC acquired RFS through an integration process. Following the acquisition, Plaintiff became a Member of Client Team Services.

22.   During the integration process, Plaintiff served as "boots on the ground" and assisted in running the day-to-day operations of the Tampa office. At all relevant times, Defendant was aware of Plaintiff's disability and trauma history.

23.   Plaintiff is a survivor of severe domestic violence, sexual assault, and life-threatening physical abuse. Her ex-husband strangled her "until her

heart stopped" in front of her son and is currently incarcerated. As a result of this trauma, Plaintiff suffers from depression, anxiety and PTSD which substantially limit major life activities, including her ability to concentrate, sleep, interact with others, and perform daily activities.

24.    On or about June 24, 2024, Plaintiff was instructed by Managing Director Arlin Beachy to alter client invoice dates by changing outstanding balances to appear as if they were billed prior to July 1, 2024.

25.    Mr. Beachy informed Plaintiff that the purpose of altering the invoice dates was to prevent Defendant from sharing certain revenue under the terms of the acquisition agreement with RFS.

26.    At Mr. Beachy's direction, Plaintiff altered more than 100 invoices to reflect earlier billing dates.

27.    Plaintiff reasonably believed this directive was unethical and potentially unlawful, as it involved falsification of business records and misrepresentation of revenue allocation.

28.    Plaintiff reported the invoice alteration misconduct to Human Resources during a video meeting.

29.    Defendant failed to conduct a meaningful investigation or take corrective action in response to Plaintiff's report.

30.     Beginning in or around June and July 2024, and continuing thereafter, Plaintiff was subjected to discriminatory treatment and a hostile work environment that differed markedly from her prior treatment at RFS.

31.     On November 4, 2024, Plaintiff submitted a confidential complaint to Human Resources against Jackie Larsen, a Risk Management employee, reporting a hostile environment and being threatened that she was going to "take me down.".

32.     Despite assurances of confidentiality, Ms. Larsen disclosed Plaintiff's complaint and began spreading false and defamatory statements, including that Plaintiff was "leaving work early to go to the bar, I was blackmailing our OMD."

33.     On December 4, 2024, Human Resources issued a report stating that Plaintiff's allegations were unsubstantiated, while instructing Plaintiff to report any retaliation. Defendant nevertheless failed to prevent or address the retaliation that followed. My case was being overseen by the HR Director for Metro Florida Jennifer Williams who was also the mentor to Jackie Larsen.

34.     Beginning in January 2025, Defendant materially altered Plaintiff's job duties by significantly limiting her responsibilities, restricting

her access to data and vendors, and diminishing her role without explanation.

35.   On January 21, 2025, Plaintiff complained about workplace behavior affecting morale, but Defendant failed to take corrective action.

36.   On February 27, 2025, Plaintiff reported continued retaliation and interference with her job responsibilities. Defendant again failed to act.

37.   In April 2025, Plaintiff was publicly criticized and humiliated by leadership in front of other employees.

38.   In May 2025, Defendant removed Plaintiff's core job responsibilities and reassigned them primarily to Jackie Larsen, the subject of Plaintiff's prior complaint. Helly Cassese had my OMD get off the meeting and explicitly told to "stop playing victim," despite knowing that I am a survivor of domestic violence, sexual assault, and strangulation—a remark that was both deeply insensitive and retraumatizing.

39.   In June 2025, despite her history of strong performance, Plaintiff received unjustified negative performance evaluations and was placed on a Performance Improvement Plan. As a result, she was denied bonuses and Restricted Stock Units.

40.   The ongoing hostile work environment and retaliation caused

Plaintiff's medical condition to significantly worsen, resulting in severe psychological distress, physical illness, extreme weight loss, and a miscarriage. Plaintiff was forced to begin trauma therapy.

41. Defendant failed to engage in the interactive process or provide reasonable accommodation that would have allowed Plaintiff to continue working.

42. On July 24, 2025, Plaintiff was forced to take short-term disability leave due to the severe impact of Defendant's conduct on her mental and physical health.

43. Plaintiff's last day of work was July 25, 2025. The conditions created by Defendant were so intolerable that they amounted to a constructive discharge.

44. Plaintiff was required to appeal her disability claim to obtain benefits, creating additional stress and hardship.

45. In September 2025, Plaintiff began an intensive outpatient treatment program for her condition, which had been exacerbated by Defendant's conduct.

46. Plaintiff has filed complaints with external agencies, including an OSHA retaliation complaint (August 23, 2025), a complaint with the U.S.

Department of Justice (August 24, 2025), an SEC complaint regarding the invoice misconduct (August 24, 2025), and dual EEOC and City of Tampa Human Rights charges (December 22, 2025).

47.    On January 2, 2026, Plaintiff's disability benefits ceased, and on February 28, 2026, her employer-sponsored benefits were terminated, forcing her to obtain COBRA coverage at significant personal expense.

48.    As a direct result of Defendant's unlawful conduct, Plaintiff has suffered substantial financial hardship, including loss of approximately $150,000 in wages and benefits, loss of her home and vehicle, and risk of homelessness. Plaintiff's husband has been unable to work due to caring for her.

49.    Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights under federal, state, and local law, including the FPWA and ADA.

50.    Upon information and belief, Plaintiff will be required to return to a work environment involving the same decisionmakers and conditions that gave rise to the unlawful conduct described herein, absent intervention by this Court.

## COUNT I
### Violation of the Americans with Disabilities Act
### Disability Discrimination
### 42 U.S.C. § 12112

51. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

53. Plaintiff suffers from depression and anxiety resulting from severe trauma, and those impairments substantially limit one or more major life activities, including concentrating, sleeping, interacting with others, and performing daily activities.

54. At all times material, Defendant knew of Plaintiff's disability.

55. At all times material, Defendant was an employer within the meaning of the ADA.

56. At all times material, Plaintiff was qualified to perform the essential functions of her position, with or without reasonable accommodation.

57. During Plaintiff's employment, Defendant subjected Plaintiff to

adverse changes in the terms, conditions, and privileges of her employment because of her disability.

58.   Among other things, Defendant materially diminished Plaintiff's job duties, removed core responsibilities from her, publicly criticized and humiliated her, issued unjustified negative performance evaluations, placed her on a Performance Improvement Plan, and denied her compensation opportunities, including bonuses and Restricted Stock Units.

59.   Defendant's actions were taken because of Plaintiff's disability and/or because of the effects of her disability, of which Defendant was aware.

60.   As a direct and proximate result of Defendant's disability discrimination, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, humiliation, and other compensatory damages allowable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, back pay, front pay or reinstatement as allowed by law, attorney's fees, taxable costs, prejudgment interest, and all other relief the Court deems just and proper.

## COUNT II
### Violation of the Americans with Disabilities Act
### Retaliation
### 42 U.S.C. § 12203

61.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

62.    At all times material, Plaintiff engaged in protected activity under the ADA.

63.    Plaintiff engaged in such protected activity by complaining internally about disability-related discriminatory treatment, including her complaints to Human Resources and management on or about November 4, 2024, January 21, 2025, and February 27, 2025.

64.    Defendant knew Plaintiff engaged in this protected activity.

65.    After Plaintiff engaged in protected activity, Defendant subjected her to materially adverse actions.

66.    Those actions included materially limiting Plaintiff's duties, interfering with her ability to perform her job, removing core responsibilities, reassigning duties to the subject of Plaintiff's complaint, publicly criticizing and humiliating Plaintiff, issuing unjustified negative

reviews, placing her on a Performance Improvement Plan, denying bonuses and Restricted Stock Units, and contributing to conditions that forced Plaintiff to take short-term disability leave and delayed her return to work.

67. Defendant's actions would dissuade a reasonable employee from engaging in protected activity under the ADA.

68. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

69. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, humiliation, and other compensatory damages allowable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, back pay, front pay or reinstatement as allowed by law, attorney's fees, taxable costs, prejudgment interest, and all other relief the Court deems just and proper.

## <u>COUNT III</u>
**Violation of the Americans with Disabilities Act**
**Failure to Accommodate**
**42 U.S.C. § 12112(b)(5)(A)**

70. Plaintiff realleges and incorporates by reference paragraphs 1

through 50 as though fully set forth herein.

71. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

72. Defendant knew of Plaintiff's disability and knew Plaintiff needed workplace accommodations because of that disability.

73. At all times material, Plaintiff was able to perform the essential functions of her position with reasonable accommodation.

74. When Plaintiff's condition worsened, Defendant was on notice of the need to consider accommodations that would permit Plaintiff to continue working and/or return to work.

75. Reasonable accommodations were available, including accommodations affecting duties, scheduling, leave, work environment, or other reasonable adjustments that would have enabled Plaintiff to perform her job and return to work sooner.

76. Defendant failed to engage in a good-faith interactive process to determine an effective reasonable accommodation.

77. Defendant failed to provide a reasonable accommodation.

78. Defendant's failure to accommodate Plaintiff's known disability violated the ADA.

79.    As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, humiliation, medical expenses, and other compensatory damages allowable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, back pay, front pay or reinstatement as allowed by law, attorney's fees, taxable costs, prejudgment interest, and all other relief the Court deems just and proper.

## COUNT IV
### Violation of the Florida Private Whistleblower's Act
### Fla. Stat. § 448.102(3)

79.    Plaintiff re-alleges paragraphs 1 through 50 as though fully set forth herein, but does not incorporate any other count or legal conclusion not relevant to this claim.

80.    At all times material, Defendant was an employer within the meaning of the Florida Private Whistleblower's Act.

81.    At all times material, Plaintiff was an employee within the meaning of the Florida Private Whistleblower's Act.

82.    On or about June 24, 2024, Plaintiff was instructed to alter client invoice dates to make outstanding balances appear as though they had been

billed before July 1, 2024.

83.    Plaintiff reasonably believed that altering invoice dates in this manner constituted unlawful conduct, including falsification of business records and misrepresentation of revenue allocation.

84.    Plaintiff objected to and/or reported this conduct to Human Resources.

85.    Plaintiff thereby engaged in protected activity under section 448.102(3), Florida Statutes, by objecting to an activity, policy, or practice of Defendant that she reasonably believed was in violation of a law, rule, or regulation.

86.    After Plaintiff engaged in protected activity, Defendant took retaliatory personnel action against her.

87.    That retaliatory personnel action included materially diminishing Plaintiff's job duties, interfering with her work, publicly criticizing and humiliating her, removing core responsibilities, issuing unjustified negative evaluations, placing her on a Performance Improvement Plan, denying compensation opportunities, and creating intolerable working conditions that forced Plaintiff to take leave and caused ongoing economic and emotional harm.

88.     Defendant took such retaliatory action because Plaintiff objected to and reported the invoice-alteration misconduct.

89.     As a direct and proximate result of Defendant's violation of the Florida Private Whistleblower's Act, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, humiliation, reputational harm, and other damages recoverable under Florida law.

**WHEREFORE,** Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, attorney's fees and costs as allowed by law, prejudgment interest, and such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 23rd day of March 2026.

> */s/ Jason W. Imler, Esq*
> Jason W. Imler
> Florida Bar No. 1004422
> Alberto "Tito" Gonzalez
> Florida Bar No. 1037033
> **Imler Law**
> 23110 State Road 54, Unit 407
> Lutz, Florida 33549
> (P): 813-553-7709
> Jason@ImlerLaw.com
> Tito@ImlerLaw.com

Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com